DECISION
This matter is before the court on its own motion to dismiss Plaintiff's appeal for lack of aggrievement because Plaintiff has requested a reduction in real market value (RMV) that will not have an impact on assessed value (AV) or property taxes. The court discussed the matter with the parties on July 8, 2008. Plaintiff appeared on her own behalf. Defendant was represented by Fred Dodd.
 I. STATEMENT OF FACTS
Plaintiff has appealed the value of her property, identified in the assessor's records as Account 00406000, for the 2007-08 tax year. By her Complaint, Plaintiff has requested a reduction in RMV from $367,027 to $285,000. Plaintiff indicated during the July 8, 2008, case management conference that her RMV may be only $280,000. Plaintiff's AV is $190,483. Defendant stated it had done a compression analysis and determined that a reduction in RMV to $280,000 would not reduce Plaintiff's property taxes. The court concurs with Defendant's analysis and conclusion that there would be no tax savings. *Page 2 
 II. ANALYSIS
ORS 305.275[1] requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322
(2004); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 at *1 (June 12, 2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 at *1 (June 3, 2005). Plaintiff's RMV is $367,027. She seeks a reduction to $280,000. Plaintiff's AV is $190,483. Taxes are imposed on AV. ORS 310.090. Plaintiff's AV is lower than her RMV because of Measure 50[2], a constitutional amendment approved by the voters in May of 1997 that established the concept of maximum assessed value (MAV). MAV in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a). For years after 1997, MAV increases three percent per year. Or Const, Art XI, § 11(1)(b) (providing that "the property's maximum assessed value shall not increase by more than 3 percent from the previous year"); ORS 308.146(1) (providing that MAV is the greater of 103 percent of the property's prior year AV, or 100 percent of the property's prior year MAV). RMV, on the other hand, moves with the market each year and has typically outpaced the three percent cap on annual increases to MAV. Moreover, because MAV is a mathematical calculation, and RMV is driven by market *Page 3 
forces, there is no linkage between MAV and RMV. See Gall v. Dept. ofRev., 17 OTR 268, 270 (2003).
Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS308.146(2). With most residential property, including Plaintiff's home, MAV is less than RMV. As a result, MAV becomes the property's AV. Plaintiff's MAV is $190,483, as is her AV. Because taxes are imposed on AV, and Plaintiff's AV of $190,483 is less than her requested RMV of $280,000, a reduction in Plaintiff's RMV to $280,000 would not change Plaintiff's AV. Because taxes are imposed on AV, there would be no reduction in Plaintiff's property taxes. Accordingly, Plaintiff is not aggrieved.
 III. CONCLUSION
The court concludes that Plaintiff's appeal should be dismissed because Plaintiff is not aggrieved as required by ORS 305.275, in that a successful appeal of Plaintiff's RMV (lowering that value to $280,000) will not reduce Plaintiff's AV or property taxes, and, under prior case law cited above, a taxpayer is not aggrieved if a successful appeal of property value will not result in a reduction in property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this ____ day of September, 2008.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Measure 50 is codified in ORS 308.146 to ORS 308.166. *Page 1