DECISION
This matter is before the court on its own motion to dismiss Plaintiffs' appeal for lack of aggrievement. The court discussed the matter with the parties at the initial case management conference on March 2, 2009. Philip Sheffield (Sheffield) appeared for Plaintiffs. Defendant was represented by Matt Healy (Healy).
 I. STATEMENT OF FACTS
Plaintiffs seek a reduction in the real market value (RMV) of their home for the 2008-09 tax year. It is unclear whether Plaintiffs appealed the value to the county board of property tax appeals (board). Sheffield asserted that his wife sent a petition to the board on December 16, 2008, but that they did not hear back from the board. Healy stated that his office has no record of a board appeal. Furthermore, while Plaintiffs assert in their Complaint that there is an error in value in excess of 20 percent, Plaintiffs did not plead a specific value. When questioned by the court, Sheffield stated that he believed that the RMV was "about" $310,000. The RMV on the assessment and tax rolls is $380,448. Importantly, the assessed value (AV) is $224,137. *Page 2 
 II. ANALYSIS
ORS 305.275[1] requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frankv. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
In Parks Westsac L.L.C v. Department of Revenue, the court ruled that a taxpayer is not aggrieved "[s]o long as the property's maximum assessed value is less than its real market value[.]" 15 OTR 50, 52 (1999). Taxpayers in that situation are not aggrieved because, under ORS 310.090, taxes are imposed on AV, and under ORS 308.146(2), AV is the lesser of RMV or MAV. Moreover, there is no linkage between RMV and MAV. Gall v.Dept. of Rev., 17 OTR 268, 270 (2003) (ruling that "there is no linkage between the RMV and MAV" under Measure 50). RMV for property tax purposes fluctuates annually with market conditions. MAV is governed by the Oregon Constitution and resulting statutes, including ORS 308.146(1), pursuant to which MAV in 1997 was 90 percent of the property's 1995 RMV, and increases annually thereafter by three percent over the prior year's MAV.[2] Finally, as indicated above, under *Page 3 
Measure 50, AV is the lesser of the property's MAV or RMV. Or Const, Art XI, § 11(1)(b); ORS 308.146(2).
Plaintiffs, in the instant appeal, seek a reduction in RMV to $310,000. That number is considerably higher than the MAV of $224,137. If Plaintiffs were successful in obtaining a reduction in RMV to $310,000, MAV would remain unchanged at $224,137, and AV in turn would remain unchanged at $224,137. That being the case, there would be no reduction in property taxes. Healy testified that his analysis revealed Plaintiffs would have to achieve a reduction in RMV below $251,370 before there would be any impact on property taxes. Clearly, an RMV of $310,000 would not reduce Plaintiffs' property taxes.
 III. CONCLUSION
The court concludes that Plaintiffs are not aggrieved because the requested reduction in RMV will not reduce their AV or property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal must be dismissed.
Dated this___day of March 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 11, 2009.The Court filed and entered this document on March 11, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] As the court explained during the March 2, 2009, telephone conference, MAV was established in 1997, pursuant to Measure 50, as 90 percent of the property's 1995 RMV on the rolls. Or Const, Art XI, § 11(1)(a). *Page 1