Phillip SHERMAN
and Vivian Sherman,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4628)

Phillip Sherman and Vivian Sherman, Plaintiffs (taxpayers), filed the response *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed the Motion to Dismiss for Defendant (the department).

Decision for Defendant rendered January 30, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

Plaintiffs (taxpayers) complain of an increase in the real market value (RMV) of a floating home for the 2002-03 tax year. The property apparently was assessed at a maximum assessed value that was substantially below the RMV. Taxpayers have not alleged that the lower RMV for which they contend would have any affect on the tax due on the

property. They have in fact admitted, "the increase in the RMV of the floating home of Slip No. 10 does not immediately impact the Plaintiffs."

Defendant Department of Revenue (the department) has filed a Motion to Dismiss, asserting that taxpayers are not aggrieved. Taxpayers have opposed that motion.[1]

## II.  ISSUE

Are taxpayers aggrieved by the actions of the assessor so as to come within ORS 305.275?[2]

## III.  ANALYSIS

Taxpayers admit that even if they were to be successful in their action, there would be no immediate impact on them. In such cases this court does not proceed. *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000); *Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50 (1999). Taxpayers assert actions of the assessor here were improperly motivated and that they have been denied uniform treatment. Those claims are appendages to the underlying claim as to valuation and suffer its fate.

## IV.  CONCLUSION

Taxpayers' Complaint must be dismissed. The department's Motion to Dismiss should be granted. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted, and

IT IS FURTHER ORDERED that Plaintiffs' Complaint is dismissed.

---

[1] The filing of taxpayers was styled as a cross-motion for summary judgment. It will be treated as an opposition to the Motion to Dismiss.

[2] All references to the Oregon Revised Statutes (ORS) are to 2001.