DECISION
Plaintiffs appealed the value of their home, identified in Defendant's records as Account 109045, for the 2007-08 tax year. At the initial court proceeding, held April 14, 2008, Defendant's representative, Theresa Maul (Maul), questioned whether Plaintiffs were aggrieved because the real market value (RMV) is considerably higher than the assessed value (AV), and the AV would remain below the RMV even if Plaintiffs received the relief they were requesting. The matter was discussed with the parties;[1] Plaintiffs appeared through Richard Hoffmann.
 I. STATEMENT OF FACTS
By their Complaint, amended at the April 14, 2005, proceeding, Plaintiffs seek a reduction in the RMV of the subject property to $270,000. The RMV on the assessment and tax rolls is $539,660, with $113,610 allocated to the 1972 manufactured home and the balance of $426,050 to the land (approximately 3 acres). The maximum assessed value (MAV) and assessed value (AV) are $159,550.
Defendant has demonstrated that if the court were to reduce Plaintiffs' RMV to $270,000, Plaintiffs' property taxes would not be reduced. *Page 2 
 II. ANALYSIS
ORS 305.275[2] requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322
(2004); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
Defendant has demonstrated that a reduction in RMV to $270,000 would not reduce Plaintiffs' property taxes. Plaintiffs do not challenge that assertion, supported by the calculations Maul submitted to the court by facsimile on April 14, 2008, following the court proceeding earlier that day. The reason that there would be no tax savings is because of Oregon's somewhat unusual property tax system.
Property values on the roll are the product of several complicated calculations. Prior to the passage of Measure 50 in 1997, property was generally assessed at its full RMV. ORS 308.232 (1995) (providing that "[a]ll real or personal property within each county shall be valued and assessed at 100 percent of its real market value"). Thus, RMV and AV were the same (valued and assessed at its "real market value"), unless the property benefitted from an *Page 3 
exemption or special assessment. Taxes were, and are, imposed on assessed value. ORS 310.090.
In May 1997, the Oregon voters approved a referendum that radically altered Oregon's property tax system through an amendment to the state's constitution. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a);Ellis v. Lorati, 14 OTR 525, 532 (1999) (Lorati) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.146 to ORS 308.166. Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2).[3] RMV was, and continues to be, the most probable selling price of the property on the applicable assessment date. ORS 308.232; ORS 308.205. RMV moves with the market, and has, in the recent past, generally risen by considerably more than three percent annually. Finally, for years subsequent to 1997 "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS308.146(1), (2). In most cases, AV is based on MAV because MAV is less than RMV. As a result, AV, like MAV, rises three percent each year.
Under Measure 50, Plaintiffs' RMV, currently set at $539,660, will rise or fall with market trends, and their $159,550 MAV and AV will increase by no more than three percent per year. According to the information provided by Defendant, a court-ordered reduction in Plaintiffs' RMV to $270,000 (the amount asserted by Plaintiffs), would not reduce Plaintiffs' property taxes because that number is still considerably higher than Plaintiffs' current tax year 2007-08 AV of *Page 4 
$159,550, and taxes are imposed on AV unless the alternative Measure 5 limits applied to RMV pursuant to the Oregon Constitution under Article XI, section 11(11), and Article XI, section 11(b), would generate a lower tax bill, which is not the case with Plaintiffs' property. Plaintiffs' property taxes are $2,119.24, and if the RMV were reduced to $270,000, the taxes would still be $2,119.24, because the Measure 5 limits ($5 education and $10 government per each $1,000 real market value), plus exempt bonded indebtedness, result in a tax liability of $4,369.51. Or Const, Art XI § 11(11)(b).
 III. CONCLUSION
The court concludes that Plaintiffs are not aggrieved because a reduction in their property's RMV to $270,000 would not reduce Plaintiffs' property taxes and Plaintiffs, therefore, are not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed because Plaintiffs are not aggrieved.
Dated this _____ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 5, 2008.The Court filed and entered this document on June 5, 2008.
[1] The court interpreted that line of questioning as a motion to dismiss and proceeded accordingly.
[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[3] By way of example, assume that in 1995 a property has an RMV of $100,000, and that the RMV increases to $125,000 in 1997. Prior to Measure 50, the property's AV in 1997 would be $125,000 (the same as the property's RMV). However, under Measure 50, the property has an MAV in 1997 of $90,000 (90% of the property's 1995 RMV). And, because the MAV of $90,000 is less than the RMV of $125,000, the AV, which is the number against which taxes are imposed, is $90,000. *Page 1