DECISION
This matter is before the court on Defendant's motion for dismissal of Plaintiffs' value appeal for the 2007-08 tax year. Defendant asserts Plaintiffs are not "`aggrieved' within the meaning of ORS 305.275
because plaintiff[s] ha[ve] not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff[s] * * *." (Def's Motion to Dismiss.)
 I. STATEMENT OF FACTS
The appeal involves Plaintiffs' home, identified in Defendant's records as Account R334160. Defendant placed a real market value (RMV) on Plaintiff' property, as of January 1, 2007 (2007-08 tax year), of $425,720. Of that amount, $139,200 is allocated to the land, and $286,520 to the improvements (structures). Included in that valuation is $29,180 of "exception" RMV related to the completion of Plaintiffs' home. Plaintiff's maximum assessed value (MAV) and assessed value (AV) is $193,400. Plaintiffs seek a reduction in RMV to $365,000. Plaintiffs have not allocated their value estimate between land and improvements. Also, Plaintiffs have not specifically challenged the exception RMV, MAV, or AV, either generally or by pleading a lesser amount. *Page 2 
For reasons explained below, Plaintiffs were given time to submit a value breakdown prepared by their broker estimating the market values of Plaintiffs' structures and land. (Court Order, May 29, 2008.) Plaintiffs did not submit that breakdown, and the June 13, 2008, deadline has passed. Defendant submitted a tax calculation worksheet showing that a reduction to $365,000 (RMV) would not reduce Plaintiffs' taxes.
 II. ANALYSIS
ORS 305.275[1] requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322
(2004); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 at *1 (June 12, 2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 at *1 (June 3, 2005).
Plaintiffs' $365,000 RMV reduction request will not lower their property taxes. Plaintiffs may have achieved a property tax reduction if they could show that a reduction in the value of their home was warranted, provided that reduction also reduced their "exception RMV."[2] However, Plaintiffs did not provide a breakdown of their $365,000 RMV estimate between land and structures and have not provided a different exception RMV. In fact, Ivan Sayenko *Page 3 
(Sayenko) advised the court during the only proceeding in this matter that he did not wish to take any additional time off from work to pursue this matter. Sayenko stated that he successfully appealed the value of Plaintiffs' home to this court last year and achieved a $500 reduction in property taxes, and if the court could help again this year that would be "fine" and, if not, that would be "okay." As explained above, Plaintiffs have not done enough to establish their entitlement to any relief, at least as it pertains to a reduction in property taxes. Plaintiffs are therefore not aggrieved. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion for dismissal is granted and Plaintiffs' Complaint is dismissed.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.
Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 9, 2008.The Court filed and entered this document on July 9, 2008.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] The term "exception RMV" does not appear in the statutes, but it does appear in the administrative rules pertaining to property valuation and taxation. See e.g., OAR 150-308.146(2) (2006). The term relates to situations where the assessor may increase the MAV of a property beyond the typical statutory limit of three percent per year found in ORS308.146. *Page 1