DECISION
This matter is before the court on Defendant's Motion to Dismiss, filed May 27, 2008. Citing ORS 305.280(4), Defendant asserts that Plaintiff did not appeal "within 30 days of the date of mailing of the order of the Board of Property Tax Appeals."
The court heard the motion at the August 6, 2008, case management conference. Plaintiff appeared on his own behalf and was sworn for examination by the court. Defendant was represented by Scarlet Weigel (Weigel) and Dennis Wardwell. Weigel was also sworn.
 I. STATEMENT OF FACTS
Plaintiff petitioned the county board of property tax appeals (board) for a reduction in the value of his property for the 2007-08 tax year. On March 14, 2008, the board mailed Plaintiff an order sustaining Defendant's values. Plaintiff appealed that determination to this court. Plaintiff's Complaint is signed and dated April 15, 2008, and the postmark on the envelope in which that Complaint was mailed is April 21, 2008.
Plaintiff challenges Defendant's increase in real market value (RMV), requesting a reduction in RMV from $579,160 to $506,773. The maximum assessed value (MAV) and assessed value (AV) of Plaintiff's property is $211,620. The parties agree that the requested reduction in RMV will not reduce Plaintiff's AV or property taxes. *Page 2 
 II. ANALYSIS
A. Timeliness
ORS 305.280(4)[1] requires a taxpayer to appeal within 30 days of the date the board mails its order. The statute provides in relevant part: "an appeal to the tax court * * * from an order of a county board of property tax appeals shall be filed within 30 days after the * * * date of mailing of the order[.]" Plaintiff submitted a copy of the board order he received on his petition to that forum. The order indicates in the lower left corner that it was "Mailed: 03/14/08". The 30 day deadline was Monday, April 14, because the 30th day from the March 14 mailing date fell on Sunday, April 13. Tax Court Rule (TCR) 10 A(1).[2] Plaintiff missed the 30 day deadline. His Complaint was not signed until April 15 and not postmarked until April 21, 2008.
In certain limited circumstances, the court can consider an appeal and order a reduction in value where a taxpayer does not timely appeal from an order of the board. See generally ORS 305.288. Because Plaintiff has not alleged an error in value of at least 20 percent, Plaintiff would have to establish "good and sufficient cause" for failing to timely appeal the board order. ORS 305.288(1)(b) (requiring the court to order a change in the value of a qualifying property where the taxpayer asserts, and the court determines, that there is at least a 20 percent error in the RMV of the property); ORS 305.288(3) (authorizing the court to order a change in the value of property where the taxpayer has good and sufficient cause for not timely appealing from an order of the board).
Plaintiff acknowledged at the August 6, 2008, proceeding that he was somewhat confused about the appeal deadline; whether it was 30 days from the date he received the board order, or *Page 3 
30 days from the date the board mailed its order. The statutory definition of "good and sufficient cause" requires an extraordinary circumstance beyond the taxpayer's control, and specifically excludes "inadvertence, oversight, [and] lack of knowledge." ORS 305.288(5)(b). Plaintiff's lack of knowledge of the appeal deadline precludes the court from acting under ORS 305.288(3).
B. Aggrievement
The court explained to Plaintiff during the August 6, 2008, proceeding, that he not only had a problem with the timing of his appeal, but also with the statutory aggrievement requirement.
ORS 305.275(1) requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000); see also Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50 (1999) (concluding that "[s]o long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved."). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007);Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
Plaintiff understands that if he is successful with his appeal he will not receive a reduction in property taxes. However, Plaintiff argues that the tax system could change in the future, with property taxes imposed on RMV, in which case he would be aggrieved. A similar argument was rejected by the court in Kaady. In dismissing the appeal, theKaady court referred to such an argument as speculation, and went on to say that the legislature "did not intend that taxpayers *Page 4 
could require the expenditure of public resources to litigate issues that might never arise." 15 OTR at 125. The same rationale applies to the present matter, and under the existing tax scheme, Plaintiff is not presently aggrieved.
 III. CONCLUSION
The court concludes that Plaintiff's Complaint is dismissed because Plaintiff did not appeal within 30 days of the date the board mailed its order and he does not have good and sufficient cause for failing to timely appeal. Furthermore, Plaintiff is not aggrieved because a reduction in RMV to the amount requested by Plaintiff will not reduce his AV or property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.
Dated this day of August 2008.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Reference to the Tax Court Rules is to 2008. *Page 1