DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, made at the July 23, 2008, case management conference asserting that Plaintiff is not aggrieved because a successful appeal will not reduce Plaintiffs property taxes. Plaintiff appeared on his own behalf with Paul Jackson, an independent appraiser. Defendant was represented by Barron Hartwell and Randall Miller, appraisers for the assessor.
 I. STATEMENT OF FACTS
The appeal involves a request for a reduction in the value of certain unimproved land for the 2007-08 tax year. The property is identified in the assessor's records as Account R321447. The real market value (RMV) on the assessment and tax rolls is $461,530; the maximum assessed value (MAV) is $177,890. The assessed value (AV), which by statute is the lesser of RMV or MAV, is $177,890. See ORS 308.146(2).[1] Plaintiff has requested that the RMV be reduced to $270,000, all of which Plaintiff asserts should be ascribed to the land, with no value for any improvements. *Page 2 
 II. ANALYSIS
ORS 305.275 requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be "aggrieved? under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322
(2004); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
In Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999), the court ruled that a taxpayer is not aggrieved "[s]o long as the property?s maximum assessed value is less than its real market value[.]" Taxpayers in that situation are not aggrieved because under ORS 310.090, taxes are imposed on AV, and under ORS 308.146(2), AV is the lesser of RMV or MAV. Moreover, there is no linkage between RMV and MAV. RMV for property tax purposes fluctuates annually with market conditions, and MAV is a creature of statute that under ORS 308.146(1), generally increases three percent each year over the prior year?s MAV.
Plaintiff, in the instant appeal, seeks a reduction in RMV to $270,000. That number is considerably higher than the MAV of $177,890. As explained above, AV is the lesser of RMV or MAV, and, if Plaintiff were successful in obtaining a reduction in RMV to $270,000, MAV would remain unchanged at $177,890, and AV in turn would remain unchanged at $177,890. That being the case, there would be no reduction in property taxes. Defendant submitted an analysis demonstrating that an RMV of $270,000 would not reduce Plaintiff?s property taxes. *Page 3 
In some instances, a reduction in RMV will have an impact on property taxes despite the fact that RMV is greater than MAV and AV, due to the interplay between Measure 50 and Measure 5. See, e.g., ORS 310.210; ORS310.216; ORS 310.238; and ORS 310.242. In this case, Defendant has demonstrated that Plaintiffs RMV would have to be reduced to slightly more than $242,000 in order for there to be a reduction in taxes (under Measure 5). Again, Plaintiff has only requested a reduction in RMV to $270,000, some $28,000 above the Measure 5/Measure 50 compression threshold.
 III. CONCLUSION
For the reasons stated above, the court concludes that Plaintiff is not aggrieved because the requested reduction in RMV would not reduce Plaintiffs property taxes. Accordingly, Defendant's motion to dismiss should be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed for lack of aggrievement.
Dated this ___ day of September 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR. 
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. 
 This document was signed by Magistrate Dan Robinson on September 16,2008. The Court filed and entered this document on September 16, 2008.
[1] All references to Oregon Revised Statutes (ORS) are to 2005. *Page 1