DECISION
 I. INTRODUCTION
Plaintiff appealed the value of her home, identified as Account R333789, for tax years 2007-08 and 2008-09. Defendant, in its Answer, requested that the court dismiss the appeal based on ORS 305.288 and the fact that Plaintiff is not aggrieved. The court addressed Defendant's dismissal request with the parties at the hearing on April 27, 2009. Plaintiff appeared on her own behalf. Defendant was represented by H. Casey Olinger, an appraiser with the assessor's office. Also appearing for Defendant was Judy Pons.
 II. STATEMENT OF FACTS
Plaintiff purchased two lots in January 2004 from the same owner. The appeal involves one of those lots (Account R333789), which Plaintiff acquired for $53,924. Plaintiff subsequently had a home built on the property. That home was completed in 2005 and placed on the assessment and tax rolls as 100 percent complete for the 2006-07 tax year. Plaintiff was unhappy with the value Defendant placed on her home in 2006, but apparently did not file an appeal. Plaintiff believes that there are problems with the value of her property for the tax years under appeal — 2007-08 and 2008-09. Plaintiff did not file petitions with the county board of property tax appeals (board) for tax years in 2007-08 or 2008-09. *Page 2 
Plaintiff ultimately filed an appeal with the Tax Court on February 12, 2009. Plaintiff did not plead a value for either year in her Complaint, but when pressed by the court, she estimated that the real market value (RMV) as of January 1, 2007 (2007-08 tax year) was $410,000, and as of January 1, 2008 (2008-09 tax year) was $460,000. The RMVs on the assessment and tax rolls for those years were $413,040 and $408,210, respectively. As can be seen, Plaintiff seeks only a minor RMV reduction for tax year 2007-08 (from $413,040 to $410,000) and actually alleges a higher value than that on the rolls for the 2008-09 tax year (from $408,210 to $460,000).
Plaintiff expressed concerns about: (1) a decrease in her property's total RMV between 2007 and 2008 compared to the increases in her assessed value (AV) for that same time period, (2) the fact that the land RMV for the subject property decreased slightly between 2007 and 2008, whereas the land RMV of the other lot she owns increased slightly, (3) the fact that she paid approximately $54,000 for the subject lot in 2004 and that three years later Defendant placed an RMV on the land of approximately $112,000, and (4) the RMV of her home increased dramatically between 2005 and 2006.
Defendant responded to several of Plaintiff's points by noting that there was a considerable increase in market values generally between 2004 and 2007, which partially explains the increase in the RMV of Plaintiff's land during that time-frame. Also, the construction of a home on the property included the addition of site developments, the value of which is added to the land. Defendant added $15,000 for those improvements. That comment was in response to Plaintiff' third concern set forth above. As for the dramatic increase in the RMV of Plaintiff's home (the improvement RMV) between 2005 and 2006, Defendant noted that the home was only partially completed (57 percent) as of January 1, 2005 (2005-06 tax year), and that the balance of the value of the home was added in 2006 (2006-07 tax year). That fact *Page 3 
alone explains a considerable amount of the increase in the improvement RMV from $131,030 to $290,670 between 2005 and 2006.
 III. ANALYSIS
A taxpayer unhappy with the value of her property must first appeal to the board and then to the Tax Court. The taxpayer is required to file a petition with the board "during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 309.100(2).[1] The board's order may be appealed to the Oregon Tax Court. ORS 309.110(7). The taxpayer has 30 days within which to appeal the board's order. ORS 305.280(4). The appeal to the Tax Court is filed with the Magistrate Division, as provided in ORS 305.275(1), and "is from an order of the board as a result of [an] appeal filed under ORS309.100[,]" as set forth in ORS 305.275(3).
Plaintiff did not appeal to the board in 2007 or 2008. There are circumstances in which the court can consider an appeal and order a reduction in value notwithstanding the fact that the taxpayer does not first appeal to the board. See generally ORS 305.288.
One instance is where the taxpayer alleges an error in RMV of at least 20 percent. ORS 305.288(1). Plaintiff has not alleged such an error in value in this case. Plaintiff estimated the RMV of her property to be $410,000 as of January 1, 2007, compared to an RMV on the assessment and tax rolls of $413,040. Plaintiff estimated the RMV of her property to be $460,000 as of January 1, 2008, compared to an RMV on the rolls of $408,210.
The other instance in which the court can order a reduction in value is where the taxpayer has a statutorily satisfactory reason for not timely petitioning the board. The legal requirement, found in subsection (3) of ORS 305.288, is "good and sufficient cause," defined elsewhere in *Page 4 
the statute as "an extraordinary circumstance that is beyond the control of the taxpayer." ORS 305.288(5)(b)(A). When asked by the court why she did not petition the board before coming to the Tax Court, Plaintiff explained that she was very busy buying and developing property, including overseeing subcontractors and dealing with lenders, and that some of the numbers "just slipped away." That explanation does not constitute an extraordinary circumstance beyond Plaintiff's control. Under ORS 305.288(5)(b)(B), good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." Plaintiff's failure to petition the board appears to have been due either to inadvertence or oversight. Accordingly, the "good and sufficient cause" provision does not apply.
The other problem with Plaintiff's appeal is that she is not aggrieved, as required by ORS 305.275, because the requested reduction in RMV does not reduce Plaintiff's property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayer is not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007), Frankv. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
Plaintiff's maximum assessed value (MAV) and assessed value (AV) was $282,080 for the 2007-08 tax year, and $290,540 for the 2008-09 tax year, whereas Plaintiff has requested RMVs of $410,000 and $460,000, respectively, for those two years. Under Measure 50, there is no linkage between RMV and MAV, and AV is simply the lesser of the two values. ORS308.146(2).[2] *Page 5 
 IV. CONCLUSION
The court concludes that Plaintiff's appeal must be dismissed because she did not appeal to the board before appealing to the Tax Court, and she has not satisfied the requirements of ORS 305.288. Moreover, Plaintiff is not aggrieved, and the court therefore lacks jurisdiction to consider her appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted for the reasons set forth above.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 12, 2009.The Court filed and entered this document on June 12, 2009.
[1] References to the Oregon Revised Statutes (ORS) are to the 2007 edition. Although the 2005 edition governs the court's analysis under ORS 305.288, the relevant language is identical in both editions.
[2] Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati,14 OTR 525, 532-33 (1999) (Ellis) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.142 to ORS 308.166. After 1997, MAV generally increases three percent annually. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1), (2). The measure also requires counties to maintain a record of the property's RMV because a property is taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f);see also ORS 308.146(2). RMV fluctuates annually with market conditions. AV is the lesser of the property's RMV or MAV. ORS 308.146(2). Thus, under Measure 50, once the property's MAV is established, there is no linkage between RMV and MAV. Gall v. Dept. of Rev., 17 OTR 268, 270
(2003).
For new property added after 1995, MAV is calculated by adding together the MAV of the property prior to the improvements (e.g., the prior year's land MAV) to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1)(b). Plaintiff's home was built beginning in 2004, and completed in 2005. Accordingly, the MAV was "fixed" as of the 2006-07 tax year. Thereafter, it has increased three percent each year. *Page 1