DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiff's appeal for want of prosecution.
The court held two proceedings in the matter, on April 22, 2009, and again on May 26, 2009. The appeal involves the value of an unimproved lot, identified in the assessor's records as Account 05013300 for the 2008-09 tax year. The real market value (RMV) on the assessment and tax rolls is $171,989, and the maximum assessed value (MAV) is $96,369. Because that number is less than the RMV, the property's assessed value (AV) is $96,369. There is no exception value. Plaintiff purchased the subject property at auction in April 2008 for $94,500. Plaintiff was requesting a 20 percent reduction in RMV, AV, and property taxes.
During the two court proceedings, the court explained that there is no linkage between RMV and MAV because of changes to Oregon's property tax system brought about by ballot Measure 50, approved by the voters in May 1997. See also Gall v. Dept. of Rev., 17 OTR 268, 270 (2003) (noting that "[u]nder Measure 50 and the statutes implementing it, there is no linkage between the RMV and MAV. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value (AV) for the property.") *Page 2 
Plaintiff was further advised that he must be "aggrieved" or he would lack standing and the court could not consider his appeal. That requirement comes from ORS 305.275, [1] which requires that a taxpayer be aggrieved, and prior decisions of this court ruling that to be aggrieved, the value requested by the taxpayer must generate a savings in property taxes. See, e.g., Sherman v. Dept. of Rev., 17 OTR 322 (2004);Unck v. Multnomah County Assessor, TC-MD No 070110B, WL 2258766 *3 (Jul 30, 2007); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (June 12, 2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (June 3, 2005). Defendant explained that Plaintiff would not achieve a savings in property taxes unless the RMV was reduced below $106,138. Plaintiff's value reduction request of 20 percent corresponds to a requested RMV of $137,591. That number is roughly $30,000 higher than the threshold for a savings in property taxes. Defendant's representative explained that he was unwilling to accept the $94,500 purchase price as an indicator of market value because of the circumstances under which the property was purchased (i.e., auction).
After all information was discussed, Plaintiff was given until June 5, 2009, to notify the court in writing whether he wished to move forward to trial or withdraw his appeal. Plaintiff did not respond by the June 5, 2009, deadline. Plaintiff was advised that if the court did not hear from him by that date, the appeal would be dismissed. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that this matter be dismissed. Dated this day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 30, 2009.The Court filed and entered this document on June 30, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1