DECISION
 I. INTRODUCTION
Plaintiffs appealed the value of their property for the 2008-09 tax year.[1] A hearing was held by telephone May 13, 2009. Larry Larson (Larson) appeared for Plaintiffs. Defendant was represented by Bryce Krehbiel, Residential Appraiser, Lane County Assessor's office.
 II. STATEMENT OF FACTS
The appeal involves Plaintiffs' three bedroom, two bath, 1700 square foot home, with a garage, and roughly 900 square foot detached shop. In their Complaint, Plaintiffs requested a reduction in the real market value (RMV) of the structures from $356,620 to $180,000, and a reduction in the land RMV from $161,649 to $100,000. During the May 13, 2009, proceeding, Larson indicated that he was not really appealing the land RMV but was disputing the improvement RMV. The property's maximum assessed value (MAV) and assessed value (AV) are $253,461. Plaintiffs were unsuccessful in their appeal to the county board of property tax appeals (board). *Page 2 
Defendant explained that a reduction in the improvement RMV to $180,000, when added to the current land RMV of $161,649, would produce a total RMV of $341,649, an amount well above the MAV of $253,461, and that there would be no tax savings from such a reduction.
 III. ANALYSIS
ORS 305.275[2] requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frankv. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
In the present matter, there would be no reduction in property taxes if Plaintiffs' RMV was reduced to $341,649 because their MAV is $253,461 and, under ORS 308.146(2), [3] Plaintiffs' AV is also $253,461. As a result, Plaintiffs are not aggrieved. The reason for the disparity between RMV and MAV lies in Measure 50. *Page 3 
Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a).[4] Measure 50 is codified in ORS 308.142 through ORS 308.166. Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property, in an arm's-length transaction, on the applicable assessment date. ORS 308.232; ORS 308.205. Although RMV moves with the market, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1), (2). Thus, once MAV was established in 1997, it generally increases three percent annually. And, because MAV is typically lower than RMV, AV also rises three percent per year. RMV, on the other hand, has for many years typically outpaced the annual three percent cap on increases to MAV and AV. Thus, a reduction in RMV generally has no impact on MAV and AV, unless that reduction is large, or the gap between RMV and MAV is small. That point was made clear in Gall v. Dept. of Rev., 17 OTR 268, 270
(2003), which ruled that "there is no linkage between the RMV and MAV" under Measure 50.
During the May 13, 2009, hearing, Larson explained that his in-laws live nearby and, although they have a larger home and more outbuildings, their property taxes are lower. There is no information in the record regarding the particulars of the property to which Larson referred. However, there are many possible explanations for the difference in taxes. The MAVs for existing homes were established in 1997 based on 1995 RMVs. If Larson's in-laws had a lower RMV in 1995, then their MAV would have been lower in 1997, and that disparity would have carried forward through 2008. Another possible explanation is that the tax rate for the in-laws' *Page 4 
property is lower because they are in a different code area. Regardless, the fact that a home that may be worth more on the market has lower taxes is not, in itself, a sufficient basis for a reduction in value for another property. There must be market evidence justifying a reduced value for the property under appeal, and that value must generate a tax savings or the taxpayer is not aggrieved and the court cannot hear the matter.
 IV. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiffs' appeal should be dismissed because they are not aggrieved in that a reduction in RMV to the amount Plaintiffs have requested will not reduce their AV or property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 30, 2009.The Court filed and entered this document on June 30, 2009.
[1] The Complaint was orally amended at the May 13, 2009, initial case management conference to reflect Plaintiffs' intent to appeal from the Order issued by the county board of property tax appeals concerning the 2008-2009 tax year; said order issued February 26, 2009.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] That statute provides that AV is the lesser of RMV or MAV.
[4] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").