DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on April 16, 2009, requesting that the Complaint be dismissed because Plaintiffs are not aggrieved. A hearing was held on the matter on May 20, 2009. Hi Mau (Mau) appeared for Plaintiffs. Doug Kelsay and Barron Hartwell represented Defendant.
 I. STATEMENT OF FACTS
Plaintiffs have appealed the value of their personal residence for the 2008-09 tax year. The subject property is identified in the assessor's records as Account R525870. The real market value (RMV) on the assessment and tax rolls is $262,010, with $92,500 allocated to the land and $169,510 to the improvement. The maximum assessed value (MAV) is $137,150. Because that number is less than the RMV of Plaintiffs' property, Plaintiffs' assessed value (AV) is $137,150.
Plaintiffs believe that they are being unfairly taxed because the home next door to theirs is worth more, but has a lower RMV and AV for property tax purposes. Both homes were built in 2005, and, according to Plaintiffs, have the same floor plan and interior amenities. The only difference is that the neighboring home is on a slightly larger lot. Although both properties have the same land RMV ($92,500) on the assessment and tax rolls, Plaintiffs' improvement RMV is $169,510, while the RMV of the home next door is $158,170. *Page 2 
Plaintiffs are requesting a reduction in their total RMV to $242,333. Plaintiffs assert that their improvement RMV should be the same as the property next door at $158,170, and that their land RMV should be reduced to $84,163, based on a value of $18.61 per square foot, which is the per-foot value of the lot next door. Plaintiffs contend that such a reduction would result in a lower AV because, as they understand the process, the assessor applies a ratio to the property's RMV to arrive at AV. The ratio in this case, according to Plaintiffs, is 0.5235.[1]
Finally, Plaintiffs have calculated the resulting tax to be $2,731.
Defendant argues Plaintiffs are not aggrieved because their AV is considerably lower than their RMV ($137,150 versus $262,010), and that a reduction in RMV to $242,333 would not reduce their property taxes. Defendant submitted a compression analysis showing that Plaintiffs' RMV would have to fall below $188,336 before there would be any tax savings.
 II. ANALYSIS
Plaintiffs misunderstand Oregon's property tax system. To begin with, there is no linkage between RMV and MAV. See Gall v. Dept. of Rev.,17 OTR 268, 270 (2003) (ruling that "there is no linkage between RMV and MAV" under Measure 50). RMV is the likely selling price of a given property on the applicable assessment date (January 1, 2008 in this case), whereas MAV was established in 1997 as 90 percent of the property's 1995 RMV on the assessment and tax rolls. Or Const, Art XI, §11(1)(a) (providing for the calculation of MAV for 1997 as a percentage of the property's 1995 RMV). For years after 1997, MAV increases three percent each year. Or Const, Art XI, § 11(1)(b) (limiting annual MAV increases to three percent over the prior year); see also ORS 308.146(1)[2] (providing for the three percent annual MAV *Page 3 
increase). AV is the lesser of RMV or MAV. Therefore, contrary to Plaintiffs' belief, a reduction in RMV does not automatically result in a change in MAV or AV.
The same is true for Plaintiffs' contention that a ratio of 0.5235 should be applied to their requested RMV for tax year 2008-09. The ratio was applied for tax year 2005-06. Plaintiffs' home was completed in 2004 and added to the assessment and tax rolls at 100 percent complete for the 2005-06 tax year. The RMV that year was $202,290, and the MAV was $125,530. The MAV was arrived at by applying the statutorily prescribed ratio of 0.6205 to the $202,290 RMV for tax year 2005-06. ORS 308.153(1).
Turning now to Defendant's Motion to Dismiss, ORS 305.275 requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev.,17 OTR 322 (2004); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005). Plaintiffs in this case are not aggrieved because of the lack of a correlation between RMV and AV, as explained above, and the fact that their requested RMV is $242,333 compared to an AV of $137,150. According to Defendant's calculation, Plaintiffs would not experience a reduction in taxes unless their RMV was reduced below $188,336. Accordingly, Defendant's motion is well taken, and Plaintiffs' appeal must be dismissed.
Plaintiffs' appeal was based on concerns for uniformity. However, the constitutional requirements of uniformity were overridden by Measure 50, adopted by the voters in May of *Page 4 
1997 as an amendment to Oregon's Constitution. Or Const, Art XI, § 11(1).[3] Moreover, when the uniformity requirements applied, they governed the apportionment of the tax throughout the county, mandating that the tax rate be the same for the same kinds of property. The measure used to apportion tax was (and is) value. Therefore, as long as the value is correct, the uniformity requirements are satisfied. SeeBrummell v. Dept. of Rev., 14 OTR 303 (1998). Uniformity in the sense of equal taxes imposed on allegedly similar neighboring properties was never required.
 III. CONCLUSION
The court concludes that Defendant's Motion to Dismiss must be granted because Plaintiffs are not aggrieved in that the requested reduction in RMV for the 2008-09 tax year will not reduce Plaintiffs' property taxes, as explained above. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiffs' appeal is dismissed.
Dated this day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 5 
 This document was signed by Magistrate Dan Robinson on June 30, 2009.The Court filed and entered this document on June 30, 2009.
[1] By the court's calculation, the product of multiplying Plaintiffs' requested RMV of $242,333 by the ratio of 0.5235, is $126,861, which is approximately $400 more than Plaintiffs' calculated (and requested) AV of $126,473.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX, of this Constitution, shall not apply to this section." Those sections require uniformity. Article I, section 32 provides in relevant part: "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax." Article IX, section 1, provides: "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State." *Page 1