DECISION OF DISMISSAL
Plaintiff appeals the real market value (RMV) of certain real property identified in the assessor's records as Account R193442, for the 2008-09 tax year. The court held an initial case management conference August 13, 2009. Plaintiff appeared on her own behalf. Defendant was represented by Ken Collmer (Collmer), an appraiser with the county assessor's office.
Plaintiff has requested a reduction in the real market value (RMV) of her land from $169,550 to $98,310. Plaintiff was upset that her land RMV more than doubled in one year (from approximately $87,000 for the 2007-08 tax year to $169,550 for the 2008-09 tax year). If the court granted the reduction in the land RMV that Plaintiff has requested, the total RMV would be reduced from $251,430 to $180,190. The maximum assessed value (MAV), as reduced by the county board of property tax appeals (board), is $111,310. Because that number is less than the property's RMV, the assessed value (AV) is $111,310. ORS 308.146(2).[1]
ORS 305.275 requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be "aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). For there to be an immediate *Page 2 
claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Parisv. Dept. of Rev., TC 4831, WL 4801342 (Order Nov. 5, 2008); Sherman v.Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v. Washington CountyAssessor, TC-MD No 050170E, WL 1432482 *1 (2005).
Plaintiff, in the instant appeal, seeks a reduction in RMV to $180,190. That number is considerably higher than the MAV and AV of $111,310. The reason Plaintiff is not aggrieved (i.e., why her property taxes will not be reduced if RMV were reduced to $180,190) is because of Oregon's unique property tax system, a system that was changed dramatically by the voters in Oregon in May of 1997 with the passage of Ballot Measure 50.
Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls (back two years less ten percent). See Or Const, Art XI, §11(1)(a).[2] Measure 50 is codified in ORS 308.142 to ORS 308.205. Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS308.146(2). RMV was, and continues to be, the most probable selling price of the property, in an arm's-length transaction, on the applicable assessment date. ORS 308.205.
Although RMV moves with the market, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1), (2). Thus, once MAV was established in 1997, it generally increases three percent annually. And, because MAV is typically lower than RMV, AV also rises three percent per year. RMV, on the other hand, has for many years typically outpaced the *Page 3 
annual three percent cap on increases to MAV. Thus, a reduction in RMV generally has no impact on MAV or AV, unless that reduction is large, or the gap between RMV and MAV is small. That point was made clear in Gallv. Dept. of Rev., 17 OTR 268, 270 (2003), which ruled that "there is no linkage between the RMV and MAV" under Measure 50. Such is the case in the instant appeal. While there was "exception" RMV on the account, the board completely deleted that value.
Plaintiff mistakenly believed that RMV could not increase by more than three percent each year. However, the three percent cap on value increases applies to MAV rather than RMV, as explained above.
For the reasons stated above, the court concludes that Plaintiff is not aggrieved because the requested reduction in RMV would not reduce Plaintiff's property taxes. Accordingly, Plaintiff lacks standing and the Complaint must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed because Plaintiff it is not aggrieved and therefore lacks standing.
Dated this ___ day of September 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 17,2009. The Court filed and entered this document on September 17, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent."). *Page 1