DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, included in its Answer filed May 7, 2009, requesting that the Complaint be dismissed because Plaintiff is not aggrieved. For the reasons set forth below, Defendant's request is granted.
 I. STATEMENT OF FACTS
The appeal involves a request by Plaintiff for a reduction in real market value (RMV) from $711,110 to $598,017. The tax year at issue is 2008-09, and the property is identified as assessor's Account 10978332. The property's tax year 2008-09 maximum assessed value (MAV) is $545,180 and, because that number is lower than the property's RMV, the assessed value (AV) is $545,180. See ORS 308.146(2) (providing for an AV that is the lesser of RMV or MAV).[1]
The subject property was the model home in a new subdivision. The home was largely completed (except for landscaping) in 2004. Defendant determined that the RMV of the property for the 2005-06 tax year, which had a January 1, 2005, assessment date, was $739,250. The MAV and AV were $424,730. All of the property's tax year 2005-06 RMV was added as *Page 2 
"exception" value, [2] because it was new property. See ORS 308.146(3); ORS 308.153. Accordingly, the 2005-06 tax year was the "base year" for determining the property's MAV.
Defendant inspected the home in 2006 in connection with a petition filed with the county board of property tax appeals (board) by the previous owner, concerning the 2006-07 tax year. As a result of that inspection, Defendant changed the classification of the property from a class V to a class VI, and added the contributory value of the landscaping as exception RMV. The total amount of exception RMV in 2006 was $156,940. The total RMV (land and improvements) that year was $810,000, and the MAV and AV were $513,900.
Plaintiff purchased the property in October 2006 for $810,000. Plaintiff believes the property would now sell for no more than $598,017, and requests a reduction to that amount. Defendant responds that a reduction in RMV to $598,017 would not reduce the subject's property taxes and, as a result, Plaintiff is not aggrieved as required by ORS 305.275.
 II. ANALYSIS
ORS 305.275 requires that a taxpayer appealing to the magistrate division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frankv. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005). *Page 3 
Plaintiff, in the instant appeal, seeks a reduction in RMV to $598,017. That number is considerably higher than the MAV and AV of $545,180. The reason Plaintiff is not aggrieved (i.e., why the property taxes will not be reduced if RMV were reduced to $598,017), is because of Oregon's unique property tax system, a system that was changed dramatically by the voters in Oregon in May of 1997 with the passage of Ballot Measure 50.
Prior to the passage of Measure 50, the property's RMV was generally the same as the AV, and a reduction in RMV would produce a corresponding reduction in AV, which in turn would reduce property taxes. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls.See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati, 14 OTR 525, 532-33
(1999) (Lorati) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.142 to ORS 308.205. After 1997, MAV generally increases three percent annually. Or Const, Art XI, § 11(1)(b);see also ORS 308.146(1), (2). The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); seealso ORS 308.146(2). RMV is the market value (i.e., likely selling price) of a property on the applicable assessment date, which in this case was January 1, 2008. Finally, AV is the lesser of the property's RMV or MAV. ORS 308.146(2). Thus, under Measure 50, once the property's MAV is established, there is no linkage between RMV and MAV. Gall v. Dept. ofRev., 17 OTR 268, 270 (2003). RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, whereas MAV is a simple mathematical calculation based on an annual increase of three percent.
For new property added after 1995, MAV is calculated by adding together 103 percent of the MAV of the existing property (if any) to the product of the RMV of the new property (e.g., a *Page 4 
newly created tax lot, or a new home) "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1)(b). Plaintiff's home was largely completed in 2004, with landscaping completed in 2005. The property's classification was also changed as part of an appeal of the 2006-07 tax year. Accordingly, the "base" MAV was established for the 2005-06 tax year, with additional exception value added to the MAV and AV for the 2006-07 tax year to account for landscaping and change in property class. Thereafter, MAV has been increased three percent each year. Plaintiff has appealed the 2008-09 tax year.
In Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999), the court ruled that a taxpayer is not aggrieved "[s]o long as the property's maximum assessed value is less than its real market value[.]" If Plaintiff, in this case, was successful in obtaining a reduction in RMV to $598,017, MAV and AV would remain unchanged at $545,180. That being the case, there would be no reduction in property taxes, and Plaintiff is not aggrieved.
Plaintiff's trustee is unhappy with the fact that owners of nearby homes that are similar in size and quality have lower RMVs and lower property taxes. Defendant's representative responded that the builder who constructed Plaintiff's home failed to complete the other homes in the subdivision and that they were completed by other builders, who built them with lower quality and sold them for less. Additionally, those homes were purchased subsequent to the subject property and after the market had declined, therefore, they had a lower RMV to which Defendant applied the ratio required by ORS 308.153 to arrive at the MAV for the base year, as explained above.
Plaintiff's concern about the disparity in taxes between the subject property and other homes in the neighborhood perhaps is intended to raise a uniformity argument. However, the *Page 5 
request is for a reduction in RMV and that value is unrelated to MAV. Moreover, as this court previously noted in Lorati, 14 OTR at 535, MAV is an artificial and arbitrary number that, over time, will produce "various degrees of nonuniformity in the property tax system," which is why Measure 50 excuses itself from the uniformity requirements of the state's constitution.[3] The same is true of AV in most cases, because AV is generally the same as MAV, and the distortions emanating from MAV carry over into AV. Such is the case in this appeal. Thus, Plaintiff's uniformity concerns cannot be addressed by the court.
This case is analogous to Paris v. Dept. of Rev., TC No 4831, WL 4801342 (2008) (Paris). The taxpayers in Paris requested a reduction in RMV that was greater than their MAV, a reduction that taxpayers agreed would not lower their property taxes. Id. The court ruled that the taxpayers were not aggrieved and therefore lacked standing. Id., WL 4801342 *2. The basis for the taxpayers' requested RMV reduction was equality and fairness, taxpayers seeking to have their value lowered to match the value of their neighbor's home. Id. Citing Sherman, the court found that the taxpayers' uniformity argument, as it related to RMV, was simply an appendage to their underlying valuation claim and did not present a separate justiciable grievance. Id. The court in Paris went on to note that if the taxpayers' uniformity argument were based on the AV of their property, that argument would nonetheless fail because "Measure 50 neutralized uniformity requirements with respect to AV." See Or Const, Art XI, § 11(18)." Id.
Based on the foregoing, the court has no authority to reduce Plaintiff's MAV or AV to achieve what Plaintiff's trustee perceives as uniformity, meaning equal property taxes. And, as explained above, a reduction in the RMV of the subject property to the value requested by Plaintiff will not reduce the AV, or property taxes, because of the lack of any link between RMV *Page 6 
and MAV under Measure 50, and the fact that AV is simply the lesser of the two values, which in this case is MAV, at $545,180, versus an RMV of $711,110.
 III. CONCLUSION
The court concludes that Plaintiff is not aggrieved as required by ORS 305.275 because the RMV Plaintiff has requested is greater than the MAV and AV of the subject property and will not result in any reduction in property taxes. Accordingly, Plaintiff lacks standing and Defendant's motion to dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted because Plaintiff it is not aggrieved and therefore lack standing.
Dated this ___day of July 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on July 15, 2009.The Court filed and entered this document on July 15, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] The term "exception value" refers to instances where certain changes to the property require an increase in MAV greater than the standard three percent annual increase provided elsewhere in the statutes.
[3] Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX, of this Constitution, shall not apply to this section." Those sections require uniformity. *Page 1