CORRECTED DECISION
On August 31, 2009, the court issued its Decision in the above-entitled matter. In that Decision there was a clerical error in the numerical order of the headings on pages three and four. The Corrected Decision correctly names the five headings. No other changes have been made.
 I. INTRODUCTION
Plaintiffs appealed the real market value (RMV) of their property, identified as Account 12177, for the 2008-09 tax year. The court held a hearing in the matter July 21, 2009. James Strader appeared for Plaintiffs. Gregg Thummel appeared for the Oregon Department of Revenue (Department), and L. Catherine Harper and Lisa Lindberg appeared for the Clatsop County Assessor (Assessor).
 II. PRELIMINARY MATTER
In their Complaint, Plaintiffs named both the Assessor and the Department as Defendants. The Department filed an Answer asking to be removed as a named Defendant because they had no responsibility for the assessment of Plaintiffs' property. The Assessor filed an Answer disagreeing with Plaintiffs' requested value reduction. *Page 2 
After brief discussion, the parties agree that the Department should be removed as a named Defendant because they did not value Plaintiffs' property and therefore Plaintiffs are not aggrieved by an action of the Department, as required by ORS 305.275.[1] Accordingly, the Department is dismissed as a named Defendant and the caption of the case is changed as set forth above.
 III. STATEMENT OF FACTS
In their Complaint, Plaintiffs request a reduction in their RMV from $418,488 to $299,000. Plaintiffs' maximum assessed value (MAV) and assessed value (AV) are set at $193,169. Plaintiffs pay taxes on the $193,169 AV, which is less than half of their RMV. Plaintiffs gathered information on sales and listings of homes they felt were similar to their home and that supported their requested value reduction.
The Assessor's representatives noted that one of Plaintiffs' sales occurred in October 2007, and changed hands for $410,000. They asserted that that sale provided some support for Assessor's value of Plaintiffs' property. They further noted that other information Plaintiffs submitted involved sales and listings occurring well after the January 1, 2008, assessment date for the 2008-09 tax year and, therefore, were not relevant to the issue of the value of Plaintiffs' property for the 2008-09 tax year. See ORS 308.007.
More importantly, Assessor's representatives asserted that Plaintiffs were not aggrieved because a reduction in the RMV of their property to $299,000 would not reduce Plaintiffs' property taxes because their AV is more than $100,000 below that figure, at $193,169. They noted that the tax rate on Plaintiffs' property was approximately $13 per $1000 of AV, and that the Measure 5 rate limit of $15 per $1000 RMV would generate a higher tax bill, even at a *Page 3 
reduced RMV of $299,000.[2] The court explained during the July 21, 2009, proceeding that dismissal was in order for lack of aggrievement.
 IV. ANALYSIS
ORS 305.275[3] requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved."[4] This court has previously ruled, on numerous occasions, that the statutory requirement found in ORS 305.275 that a taxpayer be "aggrieved" means that the requested reduction in value will reduce property taxes. See e.g., Parisv. Dept. of Rev., TC 4831, WL 4801342 (Order Nov. 5, 2008); Sherman v.Dept. of Rev., 17 OTR 322 (2004); Kaady v. Dept. of Rev., 15 OTR 124, 125
(2000); Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999);Taylor v. Clackamas County Assessor, TC-MD 080527D, WL 323492 *5 (Feb 10, 2009); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (June 12, 2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (June 3, 2005).
The reason Plaintiffs' requested RMV will not reduce their property taxes is because of Oregon's unique property tax system, a system that was changed dramatically by the voters in *Page 4 
Oregon in May 1997 with the passage of Ballot Measure 50, which amended Oregon's Constitution. See generally Or Const, Art XI, § 11.
Prior to the passage of Measure 50, the property's RMV was generally the same as the AV, and a reduction in RMV would produce a corresponding reduction in AV, which in turn would reduce property taxes. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls.See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati, 14 OTR 525, 532-33
(1999) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.142 to ORS 308.205. After 1997, MAV generally increases three percent annually. Or Const, Art XI, § 11(1)(b); seealso ORS 308.146(1), (2). The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also
ORS 308.146(2). RMV is the market value (i.e., likely selling price) of a property on the applicable assessment date, which in this case was January 1, 2008. Finally, AV is the lesser of the property's RMV or MAV. ORS308.146(2). Thus, under Measure 50, once the property's MAV is established, there is no linkage between RMV and MAV. Gall v. Dept. ofRev., 17 OTR 268, 270 (2003). RMV is tied to market conditions that can vary each year both in terms of direction (up or down) and magnitude, whereas MAV is a simple mathematical calculation that in most cases simply amounts to an annual increase of three percent.
As indicated above, Plaintiff's MAV and AV is $193,169, and the requested reduction in RMV is $299,000. Because that number ($299,000) is greater than the property's MAV and AV, a reduction in RMV to $299,000 would not reduce Plaintiff's MAV or AV, and there would be no property tax savings. Accordingly, Plaintiffs lack standing. *Page 5 
 V. CONCLUSION
The court does not have jurisdiction to hear Plaintiffs' appeal because they are not aggrieved and therefore lack standing. Accordingly, Plaintiffs' appeal is dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this ___ day of September 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theoriginal Decision that was filed and entered on August 31, 2009, or thatDecision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 9,2009. The Court filed and entered this document on September 9, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] In certain circumstances, a property owner can achieve a tax savings without reducing RMV below MAV. Or Const, Art XI, § 11(6)(a), (b); § 11(11)(b), (c) (providing that property taxes are subject to the limitations imposed by Measure 5, which limited the imposition of taxes to $15 per $1,000 of RMV, with certain exceptions including authorized bonded indebtedness, as per Oregon Constitution, Article XI, section11(b)(3)). However, this is not one of those instances.
[3] All references to the Oregon Revised Statutes (ORS) are to 2007.
[4] ORS 305.275 provides, in relevant part:
"(1) Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:
"(a) The person must be aggrieved by and affected by an act, omission, order or determination of [the Department of Revenue, the county assessor, the tax collector, the county board of property tax appeals, etc.]" (Emphasis added.) *Page 1