DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion for Dismissal (Motion) filed September 24, 2010. Defendant requests that the court dismiss the Complaint because Plaintiff is not aggrieved. Plaintiffs Complaint requests a reduction in real market value (RMV) for the 2009-10 tax year. The property is identified as assessor's Account 122469.
The court held a hearing by telephone November 3, 2010, to discuss Defendant's Motion. Plaintiff appeared on his own behalf. Robert Graper (Graper) appeared for Defendant. During the hearing Graper stated that a reduction in the RMV to the value requested by Plaintiff would not reduce Plaintiffs property taxes and Plaintiff is therefore not aggrieved. The court instructed Graper to submit documentation demonstrating that there would be no tax savings if Plaintiff were to prevail in his appeal. Defendant submitted the requested information, which was filed by the court on November 15, 2010.
In his Complaint, Plaintiff has requested a reduction in the RMV from $1,999,584 to $1,603,698. (Ptf's Compl at 6.) The property's maximum assessed value (MAV) is $1,079,498. A portion of the property is specially assessed at a lower value due to farm use. The resulting assessed value (AV) is $928,143. (Ptf's Compl at 3.) *Page 2 
ORS 305.275 requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved."[1] This court has previously ruled that "[i]n requiring that taxpayers be "aggrieved" under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the requested reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that taxpayers are not aggrieved.Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v.Multnomah County Assessor, TC-MD No 070295C, WL 1745220 at *1 (June 12, 2007); Frank v. Washington CountyAssessor, TC-MD No 050170E, WL 1432482 at *1 (June 3, 2005).
In Parks Westsac L.L.C. v. Department of Revenue,15 OTR 50, 52 (1999), the court ruled that a taxpayer is not aggrieved "[s]o long as the property's maximum assessed value is less than its real market value." Taxpayers in that situation were not aggrieved because, under ORS 310.090, taxes are imposed on AV, and under ORS 308.146(2), AV is the lesser of RMV or MAV. Moreover, there is no linkage between RMV and MAV. Gall v. Dept. of Rev.,17 OTR 268, 270 (2003) (ruling that "there is no linkage between the RMV and MAV" under Measure 50). RMV for property tax purposes fluctuates annually with market conditions. MAV is governed by the Oregon Constitution and resulting statutes, including ORS 308.146(1). Pursuant to that statute, MAV in 1997 was 90 percent of a property's 1995 RMV, and increases annually thereafter by three percent over the prior year's MAV.[2] Finally, as indicated above, under Measure 50, AV is the lesser of the property's MAV or RMV. Or Const, Art XI, § 11(1)(b); ORS 308.146(2). *Page 3 
Based on the foregoing, the court concludes that Plaintiff is not aggrieved because his requested reduction in RMV would still result in a value considerably higher than the existing MAV or AV for the 2009-10 tax year, and there would be no reduction in property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss Plaintiffs value appeal for the 2009-10 tax year is granted; Plaintiffs appeal is dismissed.
Dated this ____ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Pursuant to Measure 50, MAV was established in 1997 as 90 percent of a property's 1995 RMV on the rolls. Or Const, ArtXI, § 11(1)(a). *Page 1