DECISION OF DISMISSAL
This matter is before the court on its own motion to dismiss Plaintiffs' appeal for lack of jurisdiction. A telephone case management hearing was held May 31, 2011. Norma J. Arthur (Arthur) appeared for Plaintiffs. Robb Witters, an employee of the Marion County Assessor, appeared for Defendant.
Plaintiffs' Complaint filed with this court did not specify the relief sought. Sections three and four of the Complaint form were not completed. Section 3 of the Complaint form concerns why Plaintiffs believe the order or notice appealed is in error; Plaintiffs are to specify the relief requested in section 4.
When questioned by the court, Arthur explained that she believed the tax year 2010-11 real market value (RMV) of the land, as set forth in the account's tax statement, is excessive and should be reduced from $72,000 to $37,000.[1] The improvement RMV for the subject property is $67,660.
A reduction in the land RMV to the amount requested by Arthur would result in a total RMV of $104,660. The current total RMV for the subject property (land and improvements), is $139,660. The maximum assessed value (MAV) and assessed value (AV) are both $83,640. If *Page 2 
the court were to grant Plaintiffs' appeal to reduce the land RMV to $37,000, the total RMV would be more than $20,000 above the current MAV and AV, $104,660 RMV versus $83,640 AV. The property is not in compression and the requested reduction would therefore not reduce the property's MAV or AV, for the reasons set forth below. The court will, however, begin with an overview of Oregon's property tax system including property valuation and assessment, and appeals therefrom.
ORS 305.275(1)(a)[2] requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be "aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. ofRev., 15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Sherman v. Dept. of Rev., 17 OTR 322 (2004);Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).
In Parks Westsac LLC v. Dept. of Rev., the court ruled that a taxpayer is not aggrieved "[s]o long as the property's maximum assessed value is less than its real market value[.]"15 OTR 50, 52 (1999). Taxpayers in that situation are not aggrieved because, under ORS 310.090, taxes are imposed on AV, and under ORS 308.146(2), AV is the lesser of RMV or MAV. Moreover, "there is no linkage between the RMV and MAV." Gall v. Dept. ofRev., 17 OTR 268, 270 (2003) (ruling that "there is no linkage between the RMV and MAV" under Measure 50). RMV for property tax purposes fluctuates annually with market conditions. *Page 3 
MAV is governed by the Oregon Constitution and resulting statutes, including ORS 308.146(1), pursuant to which MAV in 1997 was 90 percent of the property's 1995 RMV, and increases annually thereafter by three percent over the prior year's MAV.[3]
Finally, as indicated above, under Measure 50, AV is the lesser of the property's MAV or RMV. Or Const, Art XI, § 11(1)(b); ORS 308.146(2).
Because Plaintiffs seek a reduction in RMV for tax year 2010-11 that is above the property's current MAV and AV for that tax year, Plaintiffs are not aggrieved as required by ORS 305.275, and the court lacks jurisdiction to consider their appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 6, 2011. The Court filed and entered this documenton June 6, 2011.
[1] The property is identified as Account R74405 in Defendant's records.
[2] All references to the Oregon Revised Statutes (ORS) are to 2009.
[3] MAV was established in 1997, pursuant to Measure 50, as 90 percent of the property's 1995 RMV on the rolls. Or Const, ArtXI, § 11(1)(a). *Page 1