DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed April 29, 2011, requesting that the Complaint be dismissed because Plaintiffs are not aggrieved within the meaning of ORS 305.275. Defendant states that Plaintiffs "ha[ve] not requested a reduction in real market value which will result in any reduction in tax payable by plaintiffs for the year in question." (Def's Mot to Dismiss at 1.) Defendant provided a compression calculation showing that Plaintiffs' requested real market value of $410,000 would not result in tax savings. (Id. at 3; Ptfs' Compl at 1.) The parties discussed Defendant's Motion during the case management conference on June 22, 2011, and submitted additional written arguments.
Plaintiffs' Complaint, filed March 31, 2011, requests a 2010-11 tax year real market value of $410,000 based on a "9/14/10 appraisal [and] assessed value ratio equal to $284,758." (Ptfs' Compl at 1.) In support of their request, Plaintiffs state:
 "My neighbors have been taxed at a lower rate than I have. As a result, I've been paying over $400 more a year in property taxes. There has been no attempt to equalize the tax burden by properly assessing the real market value for my property for sure. All that happens is that the Assessed Value is increased the maximum possible of 3.0%. Based upon an equivalent tax assessed value per square foot of my neighbor's homes, the Real Market Value of my home should not be any more than $434,980 and the equivalent Assessed Value should be a maximum of $302,107 * * *." *Page 2 
(Id. at 2. (Emphasis in original.)) The 2010-11 tax year real market value for the property at issue is $458,900 and the 2010-11 maximum assessed and assessed values are $318,720. (Id. at 3.)
Plaintiff Vincent Leary filed a letter in response to Defendant's Motion on July 11, 2011, which states: "Using public information available on PortlandMaps.com, I calculated the assessed value per square foot" of "adjacent neighboring properties." (Ptfs' Ltr at 1, July 11, 2011.) He further explains:
 "The average of the three comparable neighboring properties is $107.52 assessed value per square foot. Using the same methodology, the Multnomah County "Market Value" average equals $180.06 per square foot. I multiplied the square footage of my home (2,634) by each of these averages to arrive at a proposed "Assessed Value" of $283,206 and a "Market Value" of $474,289."
(Id.) Plaintiffs state that their request is supported by principles of fairness and equity: "The amount everyone pays in taxes should be fair and equitable. Our nation was built upon fair taxation for all citizens. * * * [M]y request is that my property be reassessed in a fair and unbiased manner with the goal of achieving equal taxation with adjacent neighboring properties." (Id. at 2.) Defendant did not file a response to Plaintiffs' letter of July 11, 2011.
A. Requested reduction in real market value
ORS 305.275(1)(a) requires that a taxpayer be "aggrieved" in order to appeal to this court; if a taxpayer is not "aggrieved" within the meaning of ORS 305.275, then that taxpayer does not have standing to appeal.[1] "So long as the property's maximum assessed value is less than its real market value, taxpayer is not aggrieved."Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999);see also Kaady v. Dept. of Rev., 15 OTR 124 (2000). Plaintiffs' requested real market value of $410,000 is not less than the maximum assessed and assessed *Page 3 
values of $318,720 and would not result in tax savings to Plaintiffs. Plaintiffs are not, therefore, aggrieved within the meaning of ORS 305.275. Plaintiffs' arguments that fairness and equity support their requested reduction in real market value "are appendages to the underlying claim as to valuation and suffer its fate." Sherman v. Dept. of Rev., 17 OTR 322, 323 (2004).
B. Requested reduction in assessed value
Plaintiffs also request a reduction in their 2010-11 tax year assessed value. Assessed value is defined by statute as the lesser of the property's real market value or maximum assessed value. ORS 308.146(2). Plaintiffs' 2010-11 tax year maximum assessed value is less than the 2010-11 real market value, so Plaintiffs' assessed value is the maximum assessed value of $318,720.
The concept of maximum assessed value was established in Oregon by Measure 50. See Or Const, Art XI, § 11(1)(a); Ellis v.Lorati (Ellis), 14 OTR 525, 532-33 (1999) (describing the history of the adoption of Measure 50). For the 1997 tax year, maximum assessed value was computed as 90 percent of each property's 1995 real market value. Ellis, 14 OTR at 533. For tax years after 1997, maximum assessed value typically increases by three percent annually. Or Const, Art XI, § 11(1)(b); see also
ORS 308.146(1), (2).[2] After 1997, the maximum assessed value of new property is calculated in accordance with ORS 308.153. ORS 308.146(3). Real market value is the likely selling price "in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205. "Under Measure 50 and the statutes implementing it, there is no linkage between the [real market value] and [maximum assessed value]. Instead, each value is determined and one of the two, the lesser, becomes, in any given year, the assessed value * * * for the property." Gall v. Dept. of Rev.,17 OTR 268, 270 (2003). *Page 4 
Plaintiffs request a reduction in the 2010-11 tax year assessed value to bring it in line with the assessed values of neighboring properties. As explained above, the assessed value is the lesser of the real market value and the maximum assessed value. This court has previously addressed requests to reduce maximum assessed value based on uniformity:
 "The court recognizes that in one sense [maximum assessed value] is somewhat artificial or arbitrary. That is inherent in the overall scheme of section 11 [of the Oregon Constitution]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1, and Article I, section 32."
Ellis, 14 OTR at 535. Subject to a few exceptions not applicable here, the determination of maximum assessed value is a simple mathematical calculation. Plaintiffs' 2010-11 tax year assessed value is equal to the maximum assessed value. Plaintiffs have not alleged an error in the calculation of assessed value that the court has authority to remedy.
Plaintiffs' requested reduction in 2010-11 tax year real market value would not result in tax savings; thus, Plaintiffs are not aggrieved within the meaning of ORS 305.275. Plaintiffs' requested reduction in assessed value is not supported by a claim for which relief can be granted by the court. As a result, Plaintiffs' appeal must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of August 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on August 24, 2011. The Court filed and entered this documenton August 24, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Some exceptions to the three percent cap on annual increases to maximum assessed value are stated in ORS 308.146.
 *Page 1